IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CARL VANNATTER,

                        Petitioner,

      v.                                                    CASE NO. 20-3102-JWL

WARDEN DON HUDSON,[1]

                        Respondent.

**MEMORANDUM AND ORDER**

    This matter is a petition for habeas corpus filed under 28 U.S.C. § 2241. Petitioner, a prisoner at the United States Penitentiary, Leavenworth, Kansas, proceeds pro se. Petitioner commenced this action in the United States District Court for the Southern District of Illinois, and it was transferred to the District of Kansas due to petitioner's incarceration in this district. The Court has examined the petition under Rule 4 of the Rules Governing Habeas Corpus Cases, foll. 28 U.S.C. § 2254, and dismisses this matter without prejudice for lack of jurisdiction.

Background

    Petitioner was convicted under a guilty plea to aiding and abetting and possession with intent to distribute methamphetamine in the United States District Court for the District of Wyoming. His conviction became final in 2018. He did not appeal, and he has not sought relief under 28 U.S.C. § 2255.

    In this action, petitioner seeks relief under *Rehaif v. United States*, ___ U.S. ___, 139 S.Ct. 2191 (2019), a decision that narrowed

---

[1] The Court substitutes Warden Don Hudson as the respondent in this action.

the felon-in-possession statute. Petitioner contends he should be allowed to proceed under § 2241 because the remedy under 28 U.S.C. § 2255 is time-barred.

### Discussion

The Court first considers whether § 2241 is the proper remedy for petitioner to assert his claims. A federal prisoner seeking release from allegedly illegal confinement may file a motion to "vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). A motion under § 2255 must be filed in the district where the petitioner was convicted. *Sines v. Wilner*, 609 F.3d 1070, 1073 (10th Cir. 2010). Generally, the motion remedy under § 2255 provides "the only means to challenge the validity of a federal conviction following the conclusion of direct appeal." *Hale v. Fox*, 829 F.3d 1162, 1165 (10th Cir. 2016), *cert. denied sub nom*. *Hale v. Julian*, ___ U.S. ___, 137 S.Ct. 641 (2017). However, the "savings clause" of § 2255(e) allows a federal prisoner to file an application for habeas corpus under 28 U.S.C. § 2241 in the district of confinement if the petitioner shows that the remedy provided by § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).

Petitioner relies on the Supreme Court's decision in *Rehaif,* a decision he characterizes as a retroactive case of statutory interpretation.

Section 2255 has been found to be "inadequate or ineffective" in only "extremely limited circumstances." *Abernathy v. Wandes*, 713 F.3d 538, 547 (10th Cir. 2013), *cert. denied*, 572 U.S. 1063 (2014). "Only in rare instances will § 2255 fail as an adequate or effective remedy to challenge a conviction or the sentence imposed." *Sines*, 609 F.3d at 1073. A petitioner does not establish these rare circumstances

"simply by asserting his ability to file a § 2255 motion is barred by timing or filing restrictions." *Crawford v. United States*, 650 F. App'x 573, 575 (10th Cir. 2016)(unpub.)(citing *Sines*, 609 F.3d at 1073); *Haynes v. Maye*, 529 F. App'x 907, 910 (10th Cir. 2013)(unpub.)(fact that § 2255 motion is time-barred does not render the remedy inadequate or ineffective).

The Tenth Circuit has held that "it is the infirmity of the § 2255 remedy itself, not the failure to use it or to prevail under it, that is determinative. To invoke the savings clause, there must be something about the initial § 2255 procedure that *itself* is inadequate or ineffective for *testing* a challenge to detention." *Prost v. Anderson*, 636 F.3d 578, 589 (10th Cir. 2011)(stating that "the fact that Mr. Prost or his counsel may not have *thought* of a *Santos*-type argument earlier doesn't speak to the relevant question whether § 2255 itself provided him with an adequate and effective remedial mechanism for testing such an argument").  "The savings clause doesn't guarantee results, only process," and "the possibility of an erroneous result – the denial of relief that should have been granted – does not render the procedural mechanism Congress provided for bringing that claim (whether it be 28 U.S.C. §§ 1331, 1332, 2201, 2255, or otherwise) an inadequate or ineffective *remedial vehicle* for *testing* its merits within the plain meaning of the savings clause." *Id.* (emphasis in original).

This Court is bound by Tenth Circuit precedent that addresses the question of "whether a new Supreme Court decision interpreting a statute that may undo a prisoner's conviction renders the prisoner's initial § 2255 motion 'inadequate or ineffective.'" *Haskell v. Daniels*, 510 F. App'x 742, 744 (10th Cir. 2013). The Tenth Circuit has

held that even the existence of contrary precedent does not render the remedy under § 2255 "inadequate or ineffective." *See Sandlain v. English*, No. 17-3152, 2017 WL 4479370, at *3 (10th Cir. 2017)("[E]ven assuming there was contrary precedent, nothing prevented [petitioner] from raising the argument in his initial § 2255 motion and then challenging any contrary precedent via en banc or certiorari review."); *see also Lewis v. English*, 736 F. App'x 749, 752 (10th Cir. Jun. 5, 2018)(unpub.)(stating that anticipating a decision and arguing it in the face of conflicting circuit precedent would be an "uphill battle" but provided petitioner "at least the *opportunity* to take this path").

Finally, the Tenth Circuit has recognized that while other circuit courts "have adopted somewhat disparate savings clause tests, most requir[ing] a showing of 'actual innocence' before a petitioner can proceed under § 2241…. Under the *Prost* framework, a showing of actual innocence is irrelevant." *Abernathy*, 713 F.3d at n. 7 (citations omitted); *see also Brown v. Berkebile*, 572 F. App'x 605, 608-09 (10th Cir. 2014)(unpub.)(rejecting petitioner's argument of actual innocence and his claim that the failure to follow other circuits in its *Prost* decision violated the Supreme Court's "fundamental miscarriage of justice" exception).

The petitioner has the burden of showing that the remedy under 28 U.S.C. § 2255 is inadequate or ineffective. *Hale*, 829 F.3d at 1179. Petitioner has not made the necessary showing. The Court finds that the savings clause of § 2255(e) does not apply in this matter and therefore, the Court lacks statutory jurisdiction.

IT IS, THEREFORE, BY THE COURT ORDERED this matter is dismissed without prejudice.

IT IS FURTHER ORDERED the clerk of the court shall modify the docket to reflect the substitution of Warden Hudson as the respondent.

**IT IS SO ORDERED.**

DATED: This 21st day of April, 2020, at Kansas City, Kansas.

S/ John W. Lungstrum

JOHN W. LUNGSTRUM
U.S. District Judge